**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
West Palm Beach Division
www.flsb.uscourts.gov

In Re:

BLUE WATER POWERBOATS, INC.,                    Case No.: 18-21113-MAM

Debtor.                                         Chapter 11

_____/


**PLAN OF REORGANIZATION**
**BY BLUE WATER POWERBOATS, INC.**
**DATED June 25, 2019**


**THE ASSOCIATES**

**David Lloyd Merrill, Esq.**
1525 Prosperity Farms Road, Suite B
West Palm Beach, Florida 33403
Phone: +1.561.877.1111
Facsimile: +1.772.409.6749
**Attorneys for the Debtor**

## ARTICLE I
## SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of **Blue Water Powerboats, Inc.** (the "Debtor") from cash flow from future earnings and exempt assets.

This Plan provides for **one class of secured claims, two classes of unsecured claims, and one class of equity interest holder claims.** Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately 100 cents on the dollar. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## ARTICLE II
## CLASSIFICATION OF CLAIMS AND INTERESTS

| 2.01 | Class 1. | Class 1 consists of the Allowed Secured Claim of AFK, Inc |
|------|----------|-----------------------------------------------------------|
| 2.02 | Class 2. | Class 2 consists of the Allowed Taxing Authority Claims |
| 2.03 | Class 3 | Class 3 consists of the Allowed General Unsecured Claims |
| 2.04 | Class 4. | Class 4 consists of the Allowed Equity Interest Holder Claims |

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01 Unclassified Claims. Under section §1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

3.02 Administrative Expense Claims. Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03 Priority Tax Claims. Each holder of a priority tax claim will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and

57053-00005/3008597.2

the Debtor.

3.04.1 <u>United States Trustee Fees</u>.  All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01 Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| **Class 1**<br>**Allowed Secured AFK, Inc.** | Impaired | Unless otherwise agreed to by the Debtor and AFK, Inc., on the Effective Date, the Class 1 Claim secured by the Debtor's future merchant agreement earnings shall be paid, starting on the Effective Date, $26,545.56 in 60 monthly payments of $541.43 including 8.25% interest. See Claim 3.  The Debtor will continue to insure the relevant property in accordance with U.S. Trustee Guidelines. |
| **Class 2**<br>**Allowed Taxing Authority Claims** | Impaired | Unless otherwise agreed to by the Debtor and the FLDoR, on the Effective Date, Class 2 shall receive $18,097.23, paid in 60 monthly payments of $354.09 at the rate of 6.5% interest. Except as set forth herein, on the Effective Date, all the Allowed Taxing Authority Claims are current and will be paid as they come due in compliance with 11 U.S.C. §1129(a)(9). |
| **Class 3**<br>**Allowed General Unsecured Claims** | Impaired | On the Effective Date, holder of a Class 3 Claim will be paid 100% of their claim.  Class 3 Claims total $41,386.61 (after the projected objections analysis and results), which will be paid a total of $41,386.61 payable $344.89 monthly beginning in month 1 through Month 120 of the Plan NOTE THAT PAYMENTS MADE TO THIS CLASS FOR DEBTS OWED ALSO BY MARK POLLIO, DEBTOR IN CASE NO.: 18-21115-MAM PENDING BEFORE THIS COURT ARE ONE AND THE SAME AND WILL NOT BE DUPLICATED THEREIN.  A PAYMENT MADE FOR THE BENEFIT OF A CREDITOR HEREIN REPRESENTS AND SATISFIES (IN ACCORDANCE WITH THE ABOVE) A CREDITOR IN THAT CASE AS WELL. The Debtor is, as required by 11 U.S.C. §1129(a)(15), committing his disposable income to the Plan over a ten year period as is more fully detailed in Exhibit C below. In the event the holder of an allowed unsecured claim objects to confirmation of the plan, the value of the property to be distributed under the plan will not be less than the projected disposable income of the debtor (as defined in 11 U.S.C. §1325(b)(2)) to be received during the ten year period beginning on the date that the first payment is due under |

| | | |
|---|---|---|
| | | the plan, or during the period for which the plan provides payments, whichever is longer. In the event any secured or administrative claims are paid in full prior to month 120, payment in the amount of the secured or administrative claim will be paid to general unsecured commencing the month after such full payment and in an amount equaling at least 90% of the prior payment made to such secured or administrative claimant. |
| Class 4 **Allowed Equity Interest Holder Claims** | Unimpaired | The equity interest holder of the Debtor is Mark Pollio. The Plan does not violate the Absolute Priority Rule since all allowed creditors are being paid 100% plus reasonable interest on their claims in accordance with 11 U.S.C. §1129(b)(2)(A) and (B). NOTE ALSO THAT PERCENTAGE OWNERSHIP MAY CHANGE IN ACCORDANCE WITH THE REEVES SETTLEMENT AGREEMENT AS SET FORTH IN AND ACCORDING TO THE TERMS OF THE REEVES SETTLEMENT AGREEMENT INCLUDED HEREIN AND ATTACHED AS EXHIBIT E. No plan payments will be made to this Class. |

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01   Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor have scheduled such claim as disputed, contingent, or unliquidated.

5.02   Delay of Distribution on a Disputed Claim. No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.03   Settlement of Disputed Claims. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01   Assumed Executory Contracts and Unexpired Leases.

(a)   The Debtor assumes the following executory contracts and/or unexpired leases effective upon the effective date of this Plan as provided in Article VII:

**None.**

(b)      The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan, upon the 120th day after the effective date of this Plan.   A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the order confirming this Plan.

## ARTICLE VII
## MEANS FOR IMPLEMENTATION AND EFFECT OF CONFIRMATION OF PLAN

### 7.01 General

Upon confirmation of the Plan, and in accordance with the Confirmation Order, the Debtor or Reorganized Debtor, as the case may be, will be authorized to take all necessary steps, and perform all necessary acts, to consummate the terms and conditions of the Plan. In addition to the provisions set forth elsewhere in the Plan, the following shall constitute the means for implementation of the Plan.

### 7.02 Continued Corporate Existence

Reorganized Debtor shall after the Effective Date continue with all powers vested of a corporation under the laws of the State of Florida and without prejudice to any right under Florida law; and, following the Effective Date, Reorganized Debtor may operate his business free of any restrictions imposed by the Bankruptcy Code, the bankruptcy Rules or by the Court, subject only to the terms and conditions of this Plan and Confirmation Order.

### 7.03 The Reorganized Debtor

Except as otherwise provided in the Plan and the Confirmation Order, on the Effective Date, Reorganized Debtor shall be vested with all of the property of the Estate free and clear of all Claims, liens, encumbrances, charges, and other interests, including but not limited to that of holders of Claims and holders of Equity Interests. The Reorganized Debtor shall assume all of the Debtor's rights, obligations and liabilities under the Plan.

### 7.04 Funding

Funds to be used to make cash payments under the Plan shall derive from the future earnings of the Debtor.

### 7.05 Effectiveness of Instruments and Agreements

On the Effective Date, all documents issued in this case or pursuant to the Plan and/or any agreement entered into or instrument or document issued in connection with any of the foregoing, as applicable, shall become effective and binding upon the parties thereto in accordance with their respective terms and

conditions and shall be deemed to become effective simultaneously.

## 7.06 Corporate Action

On the Effective Date, all matters provided for under the Plan that would otherwise require approval of the stockholders, directors or members of the Debtor or Reorganized Debtor or its successors in interest under the Plan, including, without limitation, the authorization to issue or cause to be issued the new common stock and documents relating thereto, the adoption of the Reorganized Debtor's Certificate of Incorporation, the Reorganized Debtor's Bylaws, and the election or appointment, as the case may be, of directors and officers of the Debtor pursuant to the Plan, shall be deemed to have occurred and shall be in full force and effect from and after the Effective Date pursuant to the applicable General Corporation Law, without any requirement of further action by the stockholders or directors of the Debtor or Reorganized Debtor. On the Effective Date or as soon thereafter as is practicable, the Reorganized Debtor shall, if required, file its amended certificate of incorporation with the secretary of state of the state in which the Reorganized Debtor is incorporated, in accordance with the applicable general corporation law of such state.

## 7.07 Approval of Agreements

Entry of the Confirmation Order shall constitute approval of the Plan Documents and all such transactions, subject to the occurrence of the Effective Date.

## 7.08 Administration After the Effective Date

After the Effective Date, the Reorganized Debtor may operate his business, and may use, acquire, and dispose of their property, free of any restrictions of the Code and Rules.

## 7.09 Term of Bankruptcy Injunction or Stays

All injunctions or stays provided for in the Case under sections 105 or 362 of the Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the Effective Date.

## 7.10 Revesting of Assets

Except as otherwise provided in the Plan, pursuant to section 1141 of the Code, the property of the Estate of the Debtor, including, without limitation, the Actions shall revest in the Reorganized Debtor on the Effective Date, free and clear of all Liens, Claims and interests of holders of Claims and Equity Interests, except as otherwise provided in the Plan or the Confirmation Order.

## 7.11 Causes of Action

57053-00005/3008597.2

As of the Effective Date, pursuant to section 1123(b)(3)(B) of the Code, any and all Actions accruing to the Debtor and Debtor in Possession, including, without limitation, actions under sections 510, 542, 544, 545, 547, 548, 549, 550, 551 and 553 of the Code, shall become assets of the Reorganized Debtor, and the Reorganized Debtor and/or the Plan Administrator, as the case may be, shall have the authority to commence and prosecute such Actions for the benefit of the Estate. Specifically, the Reorganized Debtor, shall continue to prosecute any Action pending on the Effective Date. Further, section 547 of the Code enables a debtor in possession to avoid transfers to a creditor, based upon an antecedent debt, made within ninety (90) days of the petition date, which enables the creditor to receive more than it would under a liquidation. Creditors have defenses to the avoidance of such preferential transfers based upon, among other things, the transfers having occurred as part of the debtor's ordinary course of business, or that subsequent to the transfer the creditor provided the debtor with new value. The Reorganized Debtor and/or the Plan Administrator, as the case may be, will analyze payments made by the Debtor to creditors within ninety (90) days (or in the case of insiders, one year) before the Commencement Date (as set forth in item 3(a) in the Debtor's Statement of Financial Affairs) to determine which such payments may be avoidable as preferential transfers under the Code and, if appropriate, prosecute such actions.

After the Effective Date, the Reorganized Debtor shall have the authority to compromise and settle, otherwise resolve, discontinue, abandon or dismiss all such Actions with the approval of the Court. Prior to Confirmation, the Debtor shall file a schedule of potential Avoidance Actions, if any.

### 7.12 Injunction Related to Discharge

*Except as otherwise expressly provided in the Plan, the Confirmation Order or a separate order of the Court, all Persons who have held, hold or may hold Claims against the Debtor are permanently enjoined, on and after the Effective Date, from (i) commencing or continuing in any manner any action or other proceeding of any kind with respect to any such Claim as against the Debtor, (ii) enforcing, attaching, collecting or recovering by any manner or means of any judgment, award, decree or order against the Debtor on account of any such Claim, (iii) creating, perfecting or enforcing any Lien or asserting control of any kind against the Debtor or against the property or interests in property of the Debtor on account of any such Claim, and (iv) asserting any right of setoff, subrogation or recoupment of any kind against any obligation due from the Debtor or against the property or interests in property of the Debtor on account of any such Claim. Such injunctions shall extend to successors of the Debtor and its respective properties and interests in property.*

### 7.13 Injunction Against Interference with the Plan

*Upon the entry of a Confirmation Order with respect to the Plan, all holders*

*of Claims and other parties in interest, along with their respective present or former employees, agents, officers, directors, or principals, shall be enjoined from taking any actions to interfere with the implementation or consummation of the Plan, except with respect to actions any such entity may take in connection with the pursuit of appellate rights.*

### 7.14 Votes Solicited in Good Faith

The Debtor has, and upon confirmation of the Plan shall be deemed to have, solicited acceptances of the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code, and on account of such solicitation will not, be liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan.

### ARTICLE VIII
### GENERAL PROVISIONS

8.01   Definitions and Rules of Construction.   The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

8.02   Effective Date of Plan. The effective date of this Plan is the fourteenth day following the date of the entry of the order of confirmation.   But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

8.03   Severability. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04   Binding Effect.   The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05   Captions.   The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06   Controlling Effect.   Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Florida govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

## ARTICLE IX
## DISCHARGE

9.01.   Discharge.   Except as otherwise provided herein or in the Confirmation Order, the rights afforded herein and the treatment of all Claims and equity interests herein shall be in exchange for and in complete satisfaction, discharge and release of Claims and equity interests of any nature whatsoever, including any interest accrued on such Claims from and after the Commencement Date, against the Debtor and the Debtor in Possession, the Estate, any of the assets or properties under the Plan.   Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code. The Debtor will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

**BLUE WATER POWERBOATS, INC.**

By:   _____

     Mark Pollio, its
     President

**THE ASSOCIATES**

By: */s/ David Lloyd Merrill, Esq.*
David Lloyd Merrill, Esq.
1525 Prosperity Farms Road, Suite B
West Palm Beach, Florida 33403
Phone: +1.561.877.1111
**Attorneys for Blue Water Powerboats, Inc.**